UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAHZIEL ENOY BALAGUER-PUENTE,

Petitioner,

v.

WARDEN, MESA VERDE ICE
PROCESSING FACILITY,

Respondent.

No.  1:26-cv-3369 TLN AC P

ORDER

Petitioner is a federal immigration detainee.[1]  With the assistance of his romantic partner and "next friend" Gleide L. Campos Rodriguez, petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  The petition is accompanied by a signed declaration from Ms. Campos Rodriguez, stating she is submitting the petition on petitioner's behalf because "he is detained and cannot prepare this petition himself."  Id. at 7.  The petition is also accompanied by a verification which states: "I declare under penalty of perjury that the foregoing is true and correct," followed by the following text:

---

[1]  The petition states petitioner is detained at Mesa Verde Immigration and Customs Enforcement ("ICE") Processing Center, but ICE's Online Detainee Locator System reflects that he is currently detained at Golden States Annex.  To the extent petitioner has been transferred, any subsequently petition should identify the facility at which he is detained at the time he submits the petition.

1

Signature
BALAGUER-PUENTE, JAHZIEL ENOY
A# 246-546-183
Date: April 17th, 2026

Id. at 8.  A proposed order to show cause and a proposed order granting the petition are provided, along with exhibits including petitioner's birth certificate and parole document, and Ms. Campos Rodriguez's drivers' license and letter of recommendation.  Id. at 9-24.

"'[N]ext friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves."  Whitmore v. Arkansas, 495 U.S. 149, 162 (1990).  Next friend standing is not automatic, and there are two prerequisites to establish the requisite standing.  Id. at 163.

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.  The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163-64 (internal citations omitted).  Ms. Campos Rodriguez has failed to demonstrate the existence of the first prerequisite, namely that petitioner is not able to appear on his own behalf.  She merely alleges that petitioner is unable to submit a petition because he is detained.  However, thousands of immigration detainees have filed petitions while detained and have thereafter represented themselves.

Because nothing in the present record supports a finding that petitioner is unable to appear on his own behalf, Ms. Campos Rodriguez does not have standing to bring this action for him.  Ms. Campos Rodriguez may facilitate the filing of petitioner's petition, but petitioner himself must sign the document as required by Federal Rule of Civil Procedure 11(a) and Local Rule 131.

////

////

2

Federal Rule of Civil Procedure 11(a) states

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or *by a party personally if the party is unrepresented*. The paper must state the signer's address, e-mail address, and telephone number . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).  Local Rule 131(a) states "all pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if the party is appearing in propria persona."  E.D. Cal. L.R. 131(a).

Petitioner, who is not represented by counsel, did not sign the petition.  To the extent petitioner attempted to affix an electronic signature, neither the word "Signature" nor the petitioner's typed name are sufficient under Federal Rule of Civil Procedure 11 or Local Rule 131.  Accordingly, the petition will be stricken from the record as improperly filed and petitioner will be given an opportunity to submit a petition bearing his *original signature* if he wants to pursue this case.  In the event plaintiff does not submit a signed petition within the time provided it will be recommended that this action be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court is directed to STRIKE the petition (ECF No. 1).

2.  If petitioner wishes to continue pursuing this case, within thirty days of the service of this order, petitioner must file a petition bearing his original signature (if he continues to proceed without counsel), or counsel's signature (if he obtains counsel).  Failure to submit a properly signed petition will result in a recommendation that this action be dismissed without prejudice.

DATED: May 14, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3