UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAHZIEL ENOY BALAGUER-PUENTE, A-246-546-183,

Petitioner,

v.

WARDEN, MESA VERDE ICE PROCESSING FACILITY,

Respondent.

No. 1:26-cv-3369 TLN AC P

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner, a self-represented immigration detainee, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 9. The petition, liberally construed, argues that petitioner's due process rights under the Fifth Amendment have been violated by his prolonged detention based on his immigration status as well as DHS's revocation of his release. Id. Petitioner seeks immediate release or a § 1226(a) bond hearing where respondents must demonstrate clear and convincing evidence that petition is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released with the same conditions he was subject to immediately prior to his detention.

I. Factual Background

Petitioner is a native and citizen of Cuba who entered the United States from Mexico without inspection on December 10, 2022. ECF No. 15-1 at 2. Border Patrol encountered and arrested him near El Paso, Texas, and paroled him into the United States with a form I-94 (proof of legal visitor status). Id.; ECF No. 15-2 at 2.

On January 7, 2026, petitioner was arrested for the misdemeanor of driving without a valid license following a traffic stop. ECF No. 15-1 at 2-3; ECF No. 15-3 at 5 (Petitioner's Record of Arrests and Prosecutions, or "Rap Sheet").[1] On January 8, 2026, petitioner was transferred from the Turner Guildford Knight Correctional Center in Miami, Florida, to ICE custody, where he has remained in immigration detention without an individualized bond hearing ever since. ECF No. 15. Petitioner is presently detained at the Golden State Annex in McFarland, California. ECF No. 14.

II. Procedural History

On May 4, 2026, the court received petitioner's pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention. ECF No. 1. The court struck the petition because it did not bear petitioner's original signature. ECF No. 7. Petitioner filed the instant petition on May 18, 2026. ECF No. 9. The petition asserts that petitioner's prolonged detention without a bond hearing violates due process, and that there was no lawful basis for DHS to have revoked his parole. Id. He also filed a motion for appointment of counsel (ECF No. 11) and a July 13, 2026 motion for temporary restraining order (ECF No. 16), which are currently pending.

On May 28, 2026, the undersigned directed respondents to respond to the petition and "substantively address whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D. Cal. Apr. 1, 2026), Wistong F. v. Immigration and Customs Enforcement, No. 1:26-cv-3399 TLN DMC, 2026 WL 1361794 (E.D. Cal. May 15, 2026), and other similar cases

[1] In August and December 2025, petitioner was also previously arrested for driving without a valid license. ECF No. 15-3-8.

previously decided by this court[.]" ECF No. 12.

Respondents' answer/response does not reference or present any facts to distinguish this case from the court's prior orders in Lida G.B., Z.Z., or Wistong F. ECF No. 15. However, respondents concede that they have reviewed the court's prior orders in Alauddin v. Chestnut, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026), Ozturk v. Lyons, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026), and Zheng v. Warden, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026), and "Respondent agrees that the factual and legal issues present here are not substantively distinguishable to the aforementioned cases[.] ECF No. 15.[2] Nevertheless, respondents contend that the plain text of the applicable statutes and the weight of Supreme Court authority in DHS v. Thuraissigiam, 591 U.S. 103, 139 (2020) and Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) indicate that as an "applicant for admission," petitioner falls squarely within 8 U.S.C. § 1225(b)(2) and does not have a strong liberty interest in his freedom from confinement. Id.; ECF No. 6.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV. Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Z.Z. v. Chestnut, No. 1:26-cv-2309 TLN JDP, 2026 WL 890476 (E.D.

---

[2] Although it is unclear whether respondents' citation to Alauddin, Ozturk, and Zheng rather than Lida G.B., Z.Z., and Wistong F. was a typographical error, the court agrees that the court's reasoning in Alauddin, Ozturk, and Zheng is equally applicable to this case.

Cal. Apr. 1, 2026), Wistong F. v. Immigration and Customs Enforcement, No. 1:26-cv-3399 TLN DMC, 2026 WL 1361794 (E.D. Cal. May 15, 2026), Alauddin v. Chestnut, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026), Ozturk v. Lyons, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026), Zheng v. Warden, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026), or any other cases previously decided by this court. ECF No. 6; EC No. 15. Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Lida G.B., Z.Z., Wistong F., Alauddin, Ozturk, and Zheng, and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. Because the court finds relief appropriate on the merit of petitioner's due process claim, the court declines to address petitioner's other arguments and filings, including his July 13, 2026 motion for temporary restraining order, seeking the same or similar relief (*i.e.*, petitioner's immediate release from detention).

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 11) is DENIED as moot.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 9) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner JAHZIEL ENOY BALAGUER-PUENTE, A-246-546-183, from custody, with the same conditions he was subject to immediately prior to his detention on January 8, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-

deprivation bond hearing before a neutral decision maker, at which hearing respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his January 8, 2026 detention.

3. Petitioner's Motion for Temporary Restraining Order (ECF No. 16) be DENIED as MOOT.

4. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 20, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE